St. John's Military Academy v. Edwards, 143 Wis. 551.

St. John's Military Academy, Respondent, vs. Edwards, County Treasurer, Appellant.

*October 7—October 25, 1910.*

*Taxation: Exemptions: Statute construed: School property: "Association:" Corporations: Use of profits for educational purposes.*

1. The term "association," as used in subd. 3, sec. 1038, Stats. (1898), may include a corporation organized under ch. 86.
2. Laws exempting property from taxation are to be construed strictly against the privilege claimed; but strict construction

does not mean that the court will not endeavor first to ascertain the true meaning of the words used. It comes into play only when, after such test, there remains ambiguity in the statute.

3. A school or academy is a scientific or literary association, within the purview of subd. 3, sec. 1038, Stats. (1898), and its property used for educational purposes is exempt from taxation.

4. The fact that a school charges for tuition and board and derives a profit therefrom does not render the property liable to taxation, when such profits are used in paying debts incurred for building and other school purposes.

5. The mere fact that such profits of a school corporation were used in 1900 and 1901 to pay dividends to stockholders did not render its property taxable in 1906 or thereafter.

[6. Whether the property was taxable for the years in which dividends were paid, or would become taxable should the profits again be used to pay dividends or to accumulate a surplus, not determined.]

APPEAL from an order of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

The appeal is from an order overruling a general demurrer to the complaint.

*Milo Muckleston,* district attorney, and *Henry Lockney,* of counsel, for the appellant, cited *Knight v. Stevens,* 66 App. Div. 267, 72 N. Y. Supp. 815, 818; *State v. Taylor,* 7 S. Dak. 533, 64 N. W. 548; *Allen v. Stevens,* 33 App. Div. 485, 54 N. Y. Supp. 8; *Detroit H. & D. School v. Detroit,* 76 Mich. 521, 43 N. W. 593; *Cincinnati College v. State,* 19 Ohio, 110; *Gerke v. Purcell,* 25 Ohio St. 229; *Montgomery v. Wyman,* 130 Ill. 17, 22 N. E. 845; *People ex rel. Pavey v. Ryan,* 138 Ill. 263, 27 N. E. 1095.

For the respondent the cause was submitted on the brief of *Bloodgood, Kemper & Bloodgood,* attorneys, and *Jackson B. Kemper,* of counsel.

TIMLIN, J. From the complaint in this action it appears that the respondent was incorporated under the general incorporation law found in ch. 86, R. S. 1878 (ch. 86, Stats. 1898). These statutes authorize a stock corporation to be

formed in the manner there provided to conduct, promote, and maintain high schools, academies, and other like institutions. The articles of incorporation of respondent declare the business and purposes of said corporation to consist in establishing, maintaining, and conducting an academic institution. In addition it purports to be authorized "to buy, sell, hold, convey, and deal in real estate; to buy, sell, and deal in all kinds of personal property, and do and perform any act or thing and exercise any and all powers incident to the business and purposes above specified."

This incongruous combination of corporate powers is quite foreign to ancient legal conceptions. But sec. 1771, ch. 86, provides that a corporation may be formed "to conduct, pursue, promote or maintain any one or more of the following named purposes." Following this, the purposes specified in the respondent's articles are enumerated. Whether these corporate powers are properly joined in the articles is not before the court in this case except as it bears upon the questions of construction hereinafter considered. Plaintiff has not attempted to exercise all these powers. It is further averred that the plaintiff has been since its incorporation engaged solely in the business of conducting a school or academy for boys wherein instruction is given in literary and scientific studies, in a general way equivalent to the courses in the public high schools of this state; that it has during the past five years averaged more than 150 pupils in each year, with ten instructors. It owns less than ten acres of land in the town of Delafield in Waukesha county, which is used solely for the purposes of the plaintiff in its business of conducting this school or academy and has never been leased or otherwise used for pecuniary profit. It owns personal property of the value of about $4,500, which property is and at all times has been used by the plaintiff solely for the purpose of conducting a school or academy and no other purpose. It has debts incurred for enlarging and improving its schools. No divi-

dends have ever been declared or paid to its stockholders except in the years 1900 and 1901. It is not expressly averred that the respondent is charging tuition fees or making other charges to its pupils, but this may be inferred from the averments of the complaint that it paid a dividend in each of the years mentioned out of the profits accruing from the business of conducting such school or academy, and that there has been usually a surplus of receipts over expenditures each year, which surplus was applied in decreasing the debts of the respondent. The actual value of the real and personal property of the respondent is at least $36,000.

Respondent on this showing alleges that it is a scientific and literary association within the meaning of subd. 3, sec. 1038, Stats. (1898), and therefore its property is exempt from taxation. Notwithstanding this, the authorities of the town of Delafield in the year 1909 assessed the property of the plaintiff for the omitted taxes of the years 1906, 1907, 1908, and for the taxes of the then current year, 1909. This tax the respondent refused to pay. It was returned delinquent into the hands of the county treasurer defendant, who threatens to sell the real estate of the plaintiff for such unpaid real-estate taxes and to distrain its personal property to enforce the collection of the other taxes. An injunction is prayed for by the respondent, and the appellant in this court waives any objection he might have on the ground that there was an adequate remedy at law with reference to the personal property. The statute under which the plaintiff claims exemption from taxation is subd. 3, sec. 1038, Stats. (1898):

"Personal property owned by any religious, scientific, literary or benevolent association, used exclusively for the purposes of such association, and the real property, if not leased or not otherwise used for pecuniary profit, necessary for the location and convenience of the buildings of such association and embracing the same, not exceeding ten acres."

It is contended that the plaintiff is a corporation, not merely an association, hence not within the exemption.

Laws exempting property from taxation are construed strictly against the privilege claimed; but strict construction does not mean that we are not to search for and ascertain, if possible, the true meaning of the language used in the statute. It comes into play only when such language, after analysis. and subjection to the ordinary rules of interpretation, presents ambiguity. This is an old statute. It appeared in R. S. 1849 as subd. 4, sec. 4, ch. 15, where the word "institution" is used instead of the word "association." Also R. S. 1858, ch. 18, sec. 4, subd. 4. By ch. 130, Laws of 1868, the word "association" was substituted for the word "institution." We adopted this original statute from Michigan, which in turn adopted it from Massachusetts, and it will. be found in subd. 2, sec. 5, ch. 7, R. S. Mass. 1836, and in earlier statutes. "Association" is a generic term which may include a corporation. *Thomas v. Dakin,* 22 Wend. 9, 104;. *U. S. v. Trinidad C. & C. Co.* 137 U. S. 160, 11 Sup. Ct. 57;. *People ex rel. Parker Mills v. Comm'rs of Taxes,* 23 N. Y. 242. The statutes of this state relative to banking speak of a banking corporation as an association. Ch. 94, Stats. (1898). There is no apparent reason why a literary and scientific institution if merely associated should be exempted,. but if incorporated it should be taxed. The reason for the exemption does not rest on the legal status of the persons. operating or supporting the institution, but upon the fact that the institution is engaged in education. But it is not to be understood that the word "association" always includes a corporation. This will depend upon the context and the subject matter of the law as well as upon an historical view of the statute. Private and parochial schools have not been taxed in this state during the long existence of this statute, and they have no other ground of exemption unless it be in those special cases where the statute provides for the organization of certain religious corporations, such as secs. 1990, 1997, 2001—1, 2001—10, Stats. (1898). But these are more modern stat-

utes. The present facility of incorporation and the great number of corporations now existing has increased the necessity for distinguishing between corporations and mere associations, and there is a tendency to narrow the meaning of the word "association" in this respect so as to designate only voluntary unincorporated confederacies or combinations. But this is the conservatism of the law which the unthinking sometimes make matter of reproach, that the popular meaning of words is constantly changing, but the law, dealing with things or rights long established, must look back to the more ancient meaning in order that rights do not change with fashions in the use of words. The plaintiff is within this statute notwithstanding that it is an incorporated association.

It is next contended that there is exempted only the property owned by religious, scientific, literary, or benevolent associations, and that the plaintiff is neither. This presents the question whether a school is a scientific or literary association. It is an institution. But there must ordinarily be an association of patrons, professors, or pupils in order to constitute a school. The word "school," except when applied to a building or place, implies plurality and consociation. Upon this point we follow and approve the case of *Detroit H. & D. School v. Detroit,* 76 Mich. 521, 43 N. W. 593; *Indianapolis v. Sturdevant,* 24 Ind. 391; and *Ramsey Co. v. Stryker Seminary,* 52 Minn. 144, 53 N. W. 1133. This is the construction which the similar statute has received in Massachusetts. Pub. Stats. Mass. 1882, ch. 11, sec. 5, subd. 3; cases collected in 7 Mass. Dig. tit. TAXATION, sec. 55. The personal property of the plaintiff is used exclusively for scientific and literary purposes, and the real estate is not leased nor otherwise used for pecuniary profit and does not exceed the amount specified in the statute. The dividends paid did not occur in either of the years in which taxes are laid. Payment of dividends, if it ren-

dered the association liable to taxation for these years, would not have the effect of making it forever afterward liable to taxation.   Creating debts for the purpose of purchasing apparatus, building, or repairing, and afterward paying these debts from the proceeds of tuition, is using the property for the purposes of such association.   *Mt. Hermon Boys' School v. Gill,* 145 Mass. 139, 13 N. E. 354.   Whether this corporation was legally taxable for the years 1900 and 1901, or whether, in case it becomes in the future a money-making concern, distributing its profits to its stockholders in dividends or accumulating them in surplus, it would be taxable, is not decided.   We do not adopt any precedent herein cited to that extent, but leave this question as a new question in this state to be met and decided when occasion requires.

*By the Court.*—Order affirmed.