ST. JOHN'S MILITARY ACADEMY, Respondent, vs. LARSON, County Treasurer, Appellant.

*December 4, 1918—January 7, 1919.*

*Venue: Clerical error: Income taxation: Exemption: Educational corporation conducted for pecuniary profit.*

1. A manifest clerical error in entitling an action as one in M. county circuit court instead of one in W. county circuit court was properly disregarded by the latter court.
2. Where an educational corporation organized to conduct a private enterprise on the plan of a profit-sharing corporation, with capital stock owned by shareholders, receives from its business an annual income in excess of its expenses and applies the excess to improving its properties, thus enhancing the value of the holdings of the stockholders, its income is not exempt from taxation under sub. 2, sec. 1087m—5, Stats.

APPEAL from an order of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Reversed.*

This is an action brought by *St. John's Military Academy,* a school for boys located at Delafield, Wisconsin, to restrain the defendant, as treasurer of Waukesha county, from selling certain property of the plaintiff for unpaid taxes.

The complaint alleges, in substance, that the plaintiff is possessed of personal and real property amounting to about $100,000, with debts of about $75,000; that this property

has been used solely for the purpose of conducting the school, and that no dividends have ever been declared by the plaintiff to its stockholders at any time since its incorporation, except the dividends which were declared and paid by it to its stockholders in the years 1900 and 1901 out of the profits accruing from the business of conducting the school in such years; that as a rule there has been a profit each year in conducting the school, but that with the exception of the years just mentioned this profit has always been used to make improvements to the property or in decreasing the debt of the plaintiff. The plaintiff further alleges that heretofore, in an action brought by this plaintiff in this court, entitled "The St. John's Military Academy vs. Joseph Edwards, as Treasurer of the County of Waukesha," the supreme court held (143 Wis. 551) that the plaintiff was a scientific and literary corporation within the meaning of sec. 1038, Stats., and that as such its real and personal property was exempt from taxation under the provisions of sec. 1038, Stats.; that since the rendering of such decision such exemption from taxation has been recognized by the authorities of the town of Delafield and the county of Waukesha, and that no taxes or assessments have been levied against the property of this plaintiff; that, however, since the enactment of the income tax law of the state of Wisconsin (ch. 658, Laws 1911, and amendments thereto) the authorities of the state and the county of Waukesha have claimed that the plaintiff was liable for an income tax upon any surplus remaining over and above the payment of its running expenses from its tuition fees received by it in any one year. The plaintiff alleges that it is exempt from the payment of any such income tax under the provisions of sec. 1087m—5; and that the tax bills for the alleged income tax for the years 1911, 1912, 1913, and 1914 are in the hands of the defendant, who threatens to sell the real estate of this plaintiff and to distrain the personal property of the plaintiff in order to enforce the collection of the alleged income tax; wherefore

the plaintiff asks that the court enter an order restraining the defendant from selling or offering for sale any of its property for the payment of the alleged income tax.

The defendant demurred to the complaint on the grounds that it did not on the face thereof state facts sufficient to constitute a cause of action.

Plaintiff and defendant entered into a stipulation that the issue be presented to the court whether, under the facts set forth in the complaint, the plaintiff is exempted from the assessment or payment of an income tax. The defendant waives the issue as to whether or not plaintiff has an adequate remedy at law.

The court entered an order overruling the demurrer of the defendant, from which order this appeal is taken.

For the appellant there was a brief by *M. S. Tullar,* district attorney, and *Tullar & Tullar* of Waukesha, of counsel, and oral argument by *E. E. Brossard,* assistant attorney general, and *D. S. Tullar.*

For the respondent the cause was submitted on a brief signed by *Jackson B. Kemper* of Milwaukee, of counsel.

SIEBECKER, J.    The court properly disregarded the clerical error in entitling the action as one in "Milwaukee County Circuit Court" in place of "Waukesha County Circuit Court." The whole record and proceeding had in the action show that the parties understood that it was an action pending in the latter court and that the insertion of the word "Milwaukee" was manifestly an error.

The real and personal property of the plaintiff, used exclusively for the purposes of conducting its school and not being leased or otherwise used for pecuniary profit, was held exempt from taxation under sec. 1038, Stats., in an action by plaintiff against Edwards, county treasurer of Waukesha county (143 Wis. 551, 128 N. W. 113). That statute provides that the personal property of such a school and the real property, not exceeding ten acres, on which its buildings

are located are exempted from taxation, "provided such real or personal property is not leased or otherwise used for pecuniary profit." In the decision in the *Edwards Case* it was determined that the plaintiff is a scientific and literary association within the meaning of this statute and that its school properties were not leased or otherwise used for pecuniary profit at the time the tax there involved was assessed against it and that it was not subject to direct taxation. The income tax statute (sub. 2, sec. 1087*m*—5) involved in this action exempts from taxation the "income . . . of all religious, scientific, educational, benevolent or other corporations or associations of individuals not organized or conducted for pecuniary profit." The plaintiff is incorporated for the purpose of establishing and conducting its school, and, as its articles of incorporation declare, owns and deals in real estate and all kinds of personal property and does all things necessary and exercises all powers incident to the business purpose specified in its articles. The complaint shows that it receives an annual income which exceeds the annual current expenses of conducting the school and that such excess of its income has been applied to pay the costs of enlarging its buildings and in improving its properties, and that in 1900 and 1901 it declared a small dividend on its stock. Its articles of incorporation provide that its capital stock shall be $15,000, the number of its shares 100, and the amount of each share $150. As appears from the foregoing statement, the properties have increased in value to upwards of $100,000, bearing an indebtedness of $75,000. It is to be observed that the above income tax exemption statute includes only such corporations of the classes specified which *"are not organized or conducted for pecuniary profit."*

Manifestly if any corporation of the kinds named in the statute is organized as a pecuniary profit-sharing institution, or if not so organized is being conducted for pecuniary profit, then its income is subject to taxation under the income

Estate of Judson, 168 Wis. 361.

tax statutes. The plaintiff's articles of incorporation show that it is organized to conduct a private enterprise upon the plan of a profit-sharing corporation, with capital stock owned by its shareholders, and that its business yields an income in excess of the annual amount required for its current running expenses to conduct the school, and that such excess has been devoted to enlarge its properties and thus has materially enhanced the value of its capital stock, resulting in a pecuniary profit to the stockholders. The complaint shows that the plaintiff is organized as a profit-sharing corporation and that the conduct of the business has resulted in enhancing the holdings of the stockholders. Within the terms of sub. 2, sec. 1087m—5, it is a corporation organized and conducted for pecuniary profit and hence its income is not exempt from taxation. The trial court improperly overruled the demurrer to the complaint.

*By the Court.*—The order appealed from is reversed, and the cause remanded to the circuit court with direction to enter an order sustaining the demurrer and for further proceedings according to law.