NORTHWESTERN PUBLISHING HOUSE, Appellant, vs. CITY ·OF MILWAUKEE, Respondent.

*April 14—June 6, 1922.*

*Taxation: Exemption: Corporation devoting profits to beneficent and educational purposes: Incidental and negligible deviation from purpose.*

1. A corporation organized for the purpose of carrying on and conducting a general bookselling, publishing, and printing business, and particularly the printing of such books and literature as may be considered beneficial to the Evangelical Lutheran faith, and of paying over to the Lutheran Synod all profits realized from the business (such Synod being incorporated for co-operation in ecclesiastical work, such as the training of ministers and school teachers, and which is authorized to carry on a general publishing business and devoting its receipts to benevolent and educational uses), is within the express terms of sec. 70.11, Stats. 1921, exempting its properties from taxation.

2. The publishing company being incorporated not for profit but as a benevolent and educational institution and as such exempt from taxation, the fact that it derived .00277 per cent. of its income from printing letterheads and envelopes for the convenience of its patrons and used a very small part of its floor space for sample church furniture, was such a slight departure from the purposes of its charter as to be negligible.

APPEAL from an order of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Reversed.*

This action is brought against the city of *Milwaukee* for the recovery of taxes paid to the city under protest. It is claimed that the property against which the taxes were assessed is exempt from taxation. The complaint sets forth two causes of action. The first is for the recovery of the taxes paid upon the real property, and the second is for the recovery of the taxes paid upon the personal property. The complaint alleges that the plaintiff is a Wisconsin corporation, and a copy of the articles of incorporation is attached to the complaint, marked Exhibit A. From Exhibit A it appears that the plaintiff corporation was originally organized on the 29th day of September, 1891; that it was organized for the purpose of carrying on and conducting a general bookselling, publishing, and printing business, and particularly the printing, publication, and dissemination of all such books, periodicals, and literature as may be by its members considered beneficial to the Evangelical Lutheran faith or principles, and all matters incidental thereto, and also for the purpose of delivering and paying over to the Evangelical Lutheran Synod of Wisconsin and other states (which for the sake of brevity is hereinafter designated by the name of the "Synod"), a corporation heretofore organized and now existing under the laws of the state of Wisconsin, all net profits which may be realized from the business of the corporation so created.

It is further provided that the corporation shall be without capital stock; that its property, affairs, and business shall be under the care of and managed by a board of seven directors; that "this corporation being connected with the Evangelical Lutheran Church, and being formed for the benefit of the Synod, the members of the Synod shall once in three years, at an annual meeting thereof, elect seven members of this corporation to take the place of the persons then being members thereof, and the persons so elected to

membership in this corporation shall by virtue of such election constitute the board of directors, and hold office until their successors are elected and qualified."

The articles then contain the usual provisions in regard to duties of officers, power to adopt by-laws, method of amendment, and other clauses.

A copy of the articles of incorporation of the Synod is attached to the complaint as Exhibit B, from which it appears that it was incorporated on the 9th day of August, 1899, for the purpose of

"Co-operation in ecclesiastical work, such as the training of ministers and school teachers, the maintenance of the purity of doctrine and unity in sound practice, mutual aid and advice in the matters pertaining to the Lutheran Church and the extension of the Lutheran Church by missionary and charitable work. And in furtherance of these purposes and ends, the said 'Synod' may carry on a general publishing, job and book printing department for the publication of books, tracts, periodicals, and papers and for the dissemination of literature pertaining to the Lutheran Church, not any of which, however, shall be inconsistent with the doctrine of the Lutheran Church as more particularly laid down in the confessions of faith as contained in the Book of Concord of the year 1580."

It was re-incorporated in 1897, and the purposes were as stated in the original articles of incorporation.

It appears from the allegations of the complaint that the plaintiff owns the north half (N. ½) of lot eight (8) of block fifty-two (52), in the Second ward of the defendant city; that on said property there was located a three-story brick building; that said real estate was necessary for the location and convenience of the building of the plaintiff corporation; that the area of said lot is less than one acre, and that the plaintiff owns no other real estate within the state of Wisconsin; that during the year 1917 said property was assessed for tax purposes. The real estate was valued at $8,600 and the improvements at $25,000. The total amount

of the tax for the year 1917 was $666.43, which amount
was paid to the city under protest, and that this action was
begun to recover within one year from the date of the pay-
ment of the taxes; that no part of the real estate is leased
or used for pecuniary profit in any way except that the
above named corporation Synod has a great many hundred
churches located in the state of Wisconsin and other states
and that many thousand residents of the state of Wisconsin
are communicant members thereof; that for the purpose of
co-operation in ecclesiastical work, the maintenance of the
purity of doctrine and unity in sound practice, mutual aid
and advice in matters pertaining to the Lutheran Church,
and the extension of the Lutheran Church by missionary
work, it was found necessary by said corporation Synod to
organize the plaintiff corporation so that it could control the
publication of such literature and the sale of such articles
as were necessary or desirable for the upbuilding of said
corporation Synod.   That the entire control and manage-
ment of said corporation is under said corporation Synod,
and that all the profits made by said plaintiff are used partly
to pay off a present indebtedness on said property and the
remaining part thereof is paid over to said corporation
Synod for the uses and benefits of said corporation; that
said money is used by said corporation Synod for the
following purposes in approximately the following pro-
portions: 7-60 for synodical administration and miscel-
laneous, 22-60 for synodical institutions, 17-60 for home
missions, 6-60 for payment of debts, 3-60 for Indian mis-
sions, 3-60 pensions for widows, pastors, and teachers, 1-60
home for the aged, 1-60 Negro missions; that during the
time from May 1, 1916, to May 1, 1917, the total receipts
of the plaintiff corporation amounted to $138,116.76; that
during the period from May 1, 1917, to May 1, 1918,
the total amount of the business of plaintiff corporation
amounted to $157,370.36.   That all of said income was
received from the publication or sale of such literature or

articles as were used exclusively for the purpose of the Synod corporation, except that about $550 was received from the printing of envelopes and letterheads for ministers and teachers belonging to the Synod corporation and for some commercial printing done for members of the corporation,* which work was done as incidental to its general work and in order to keep the employees occupied at all times. That $14,000 of the aforesaid receipts was from the sale of furniture and fixtures, which were of the value on June 1, 1917, of $224.75, being a sample church bench, a sample school seat, and some baptismal fonts. Upon orders being received for these, the orders were sent to the manufacturers, who shipped direct to the consignee; that the proceeds of such sales are remitted to the plaintiff, and the profits derived from the commercial printing and sales of church furniture and fixtures are used for the same purposes as hereinbefore set out in relation to other income and profit.

For a second cause of action the plaintiff re-alleges the matters embraced in the first cause of action and alleges that during the year 1917 the personal property used in and about the business of the plaintiff was assessed at the sum of $20,000, upon which there was levied a tax of $396.69, which was paid by the plaintiff under protest; that all of the property so assessed except the church furniture and fixtures hereinbefore referred to, which does not exceed in value the sum of $225, was located in the building hereinbefore described and was used exclusively for the purposes hereinbefore set forth. Proper demand was then alleged, and a recovery of the sums so paid under protest is sought. The defendant demurred to each cause of action on the ground that the facts therein stated were insufficient to constitute a cause of action. From the order sustaining the demurrer the plaintiff appeals.

*Ernst von Briesen* of Milwaukee, for the appellant.

For the respondent there was a brief by *John M. Niven,*

city attorney, and *Mark A. Kline,* first assistant city attorney, and oral argument by *Mr. Kline.*

ROSENBERRY, J.    The plaintiff contends that the property in question is exempt pursuant to the provisions of the statute as follows:

"Sec. 70.11    The property in this section described is exempt from taxation, to wit: (1) . . . (2) . . . (3) . . . "(4) Personal property owned by any religious, scientific, literary, educational or benevolent association, . . . used exclusively for the purposes of such association, and the real property necessary for the location and convenience of the buildings of such association and embracing the same, not exceeding ten acres; provided such real or personal property is not leased or otherwise used for pecuniary profit. . . ."

While the plaintiff corporation in form is the owner of the real and personal property described in the complaint, it holds the same solely for the use and benefit of the parent corporation, the Synod.    The Synod chooses the board of directors, the corporation is formed for the benefit of the Synod, all profits derived from the business are paid over to the Synod, and the general scheme of organization and operation is such as to leave no doubt that the plaintiff corporation is merely a subsidiary to the Synod, for which to all intents and purposes it holds its property and business. The plaintiff corporation is not a self-perpetuating corporation, but is controlled, managed, and operated by representatives chosen by the Synod.    Both corporations are organized under the provisions of ch. 86, Stats., entitled "Organization, powers and dissolution of corporations."

The defendant contends that under the doctrine laid down in *U. S. Nat. Bank v. Poor Handmaids,* 148 Wis. 613, 135 N. W. 121, the plaintiff corporation cannot be a religious corporation.    The defendant corporation in that case was organized to maintain and teach parochial schools, maintain

and support hospitals for the benefit of sick, infirm, and aged persons, and help the poor and distressed. It was not organized for profit but was for the benevolent and educational purposes mentioned. The exemption in that case was claimed under the charter of the city of Superior (sec. 244, ch. 124, Laws 1891), which exempted the property of a "religious society, association or corporation," and in determining whether or not the defendant corporation was a religious corporation significance was given to the fact that it was organized under ch. 86, and it was said:

"It is considered that a corporation organized under ch. 86 of the Statutes for benevolent purposes is not a religious corporation under the Superior charter."

The Synod was organized for the purpose of co-operation in ecclesiastical work, as the training of ministers and school teachers, the maintenance of the purity of doctrine and unity in sound practice, mutual aid and advice in matters pertaining to the church, and the extension of the Lutheran Church by missionary work. It is expressly declared that both corporations are not organized for pecuniary profit, but for the purposes hereinbefore set out.

We do not find it necessary to determine in this case whether or not the plaintiff corporation and the Synod are religious corporations in the technical sense. Whether they are or not, it is clear that they are organized for educational and benevolent purposes and not for pecuniary profit, and so are within the express terms of sub. (4), sec. 70.11, Stats. 1921.

"Educational" and "benevolent" are words of very broad and general import. The allegations of the complaint clearly show that the primary purpose and object of the plaintiff corporation is to publish and distribute educational matter in order that purity of doctrine and unity in sound practice of the Lutheran Church may be maintained and extension of its work by missionaries may be carried on. The distribution

of the income derived from the operation of this property shows that the Synod is maintained for educational and benevolent purposes. The importance to a sectarian body of controlling and managing the publication and distribution of the literature inculcating its doctrines is well understood. Instilling into the minds of the young, stimulating and deepening the convictions of the mature in matters relating to the faith and doctrine of the Lutheran Church by the publication and distribution of printed matter, are certainly educational purposes within the meaning of that term as it is used in sec. 70.11, Stats. 1921.

This results from the application of the principles and construction laid down in *St. John's Military Academy v. Edwards,* 143 Wis. 551, 128 N. W. 113, and *Lawrence University v. Outagamie Co.* 150 Wis. 244, 136 N. W. 619.

On the other hand, if the property be regarded as that of the Synod the same situation exists, and the disposition of the so-called profits derived from the business conducted by the plaintiff corporation shows that it is devoted entirely to educational and benevolent purposes. This is not a case of an independent corporation which turns over the profits from its business to be used for educational and benevolent purposes. The method of organization is such in this case as for all substantial purposes to make the corporations one, so far as control and management are concerned. The plaintiff corporation is in effect the arm of the Synod, formed for the purpose of carrying out a synodical program of education. While it has technically a separate corporate existence it can only function when the Synod chooses its directors, who are chosen no doubt for the purpose of effectuating, through the management and control of the publishing business, the declared object and purposes of the Synod itself.

We come now to a consideration of the question of whether or not the property in question is used exclusively for educational and benevolent purposes. The claim that it

is not is based upon the fact that .00277 per cent. of its income is derived from printing of letterheads and envelopes for the convenience of its patrons and in order to give its workmen continuous employment, and from the further fact that a very small part of the floor space is occupied by a sample church bench, school seat, and some baptismal fonts. It is alleged that these facts bring it within *Gymnastic Asso. v. Milwaukee,* 129 Wis. 429, 109 N. W. 109. In *Gymnastic Asso. v. Milwaukee* a part of the real property which would otherwise have been exempt was rented to third parties who used it for conducting a barber shop and saloon. In this situation it was held that the property was not used exclusively for the purposes of the association, and, it being indivisible, no part of the property could be exempted. In this case the plaintiff has parted with the use of no part of its property. The plaintiff uses it exclusively for educational and benevolent purposes, and as an incident to that use has stored the articles mentioned and has done a very small amount of commercial printing. The property has not thereby been diverted from its primary use. Quite a different situation would be presented if half of the plant were rented to third parties who conducted therein a general publishing business, even though the proceeds of the rent were devoted to the corporate purposes. Even if it were otherwise the departure in this case is so slight as to be negligible and therefore to be disregarded. The occupation of fifteen or twenty square feet of floor space by sample benches and the derivation of one fourth of one per cent. of its income from commercial printing, done as a matter of convenience for its regular customers, does not amount to a sufficient departure to warrant us in saying that the property is not used exclusively for educational and benevolent purposes, particularly where such work is done as incidental to its main purpose. *Webb Academy v. Grand Rapids,* 209 Mich. 523, 177 N. W. 290.

It must be held that both corporations are organized for

educational and benevolent purposes and that the property assessed is used exclusively for corporate purposes and therefore exempt from taxation.

*By the Court.*—The order appealed from is reversed, and the cause remanded for further proceedings according to law.

VINJE, C. J., dissents.