Catholic Woman's Club, Respondent, vs. City of Green Bay, Appellant.

*February 7—March 6, 1923.*

*Taxation: Exemption: Charitable associations: Catholic woman's club.*

1. In determining whether a corporation falls within sub. (4), sec. 70.11, Stats. 1921, exempting from taxation property used exclusively for literary, educational, religious, scientific, etc., purposes, it must not only be judged by its declared objects but also by what it actually does.
2. A Catholic woman's club, a non-stock corporation engaged in promoting charity, benevolence, education, and fraternity, falls within the intent of said sub. (4), and the building used for a club house and for carrying on its work is exempt from taxation.

Appeal from a judgment of the circuit court for Brown county: Henry Graass, Circuit Judge. *Affirmed.*

The *Catholic Woman's Club* is a non-stock Wisconsin corporation with its principal place of business at *Green Bay.* Its declared objects in its articles of incorporation are "the promotion and advancement of social, educational, and philanthropic work, and for mutual counsel, assistance, and charity in the community." Its objects are further declared in its by-laws to be "study and work conducted by four departments known as educational, social, home economics, and philanthropic." It maintains a club house, auditorium, and day nursery. The club house is an old city residence remodeled for club purposes. The day nursery was built at an expense of $2,700. The auditorium is attached to the club house by a passageway—otherwise a separate building. The value of the property is about $35,000. The club house is equipped with parlors, bedrooms, and bath. The club house and parlors are used for meetings of the club and its committees and other small clubs. The property is situated within the business district and is used as a central

meeting point for its members when shopping. Non-members are also permitted to use it. Rooms are rented to women, who are permitted to use the parlors, bath, and laundry. The auditorium is rented to lodges—the Knights of Columbus, Catholic Knights, Lady Foresters, Marquette Club. Private dancing parties rent the auditorium. The auditorium is also used for instruction in dancing. The day nursery consists of an addition to the club house, and is equipped with beds, bath, play room, clothes room, and kitchen. Mothers leave their children here for the day only. A matron is in charge. Care of young women coming to *Green Bay* homeless and strangers is provided. The club was incorporated in January, 1921. Prior to that time, for some twenty years, it had been operated by a club of women. The members of the club pay dues. Most of the activities of the club are sustained by a charge sufficient to cover expenses, not including any return on investment. The club is not operated for profit. It declares no dividends. The property was purchased by means of subscriptions. The club owes about $10,000 on its property. Most of its work is purely benevolent and charitable. Educational programs are carried out during the year. The property was assessed for taxes in the year 1921 and the tax paid under protest. This action was brought to cancel the tax and for a refund.

The statute governing the subject is sub. (4), sec. 70.11, and reads as follows:

"Personal property owned by any religious, scientific, literary, educational or benevolent association, or by fraternal societies, orders, or associations operating under the lodge system, used exclusively for the purposes of such association, and the real property necessary for the location and convenience of the buildings of such association and embracing the same, not exceeding ten acres; provided such real or personal property is not leased or otherwise used for pecuniary profit; and the lands reserved for grounds of a chartered college or university, not exceeding forty acres;

and parsonages, whether of local churches or districts, and whether occupied by the pastor permanently or rented for his benefit. The occasional leasing of such buildings for schools, public lectures or concerts, or the leasing of such parsonages, shall not render them liable to taxation."

For the appellant there was a brief by *Fred D. Merrill,* corporation counsel, and *W. L. Evans,* assistant, and oral argument by *Mr. Merrill.*

For the respondent there was a brief by *Cady, Strehlow & Kaftan* of Green Bay, and oral argument by *Robert A. Kaftan.*

CROWNHART, J. The statute of exemptions for taxation, upon which respondent relies, is not difficult of construction. Its intent is plain. It would encourage benevolence, charity, religion, education, and fraternity. It recognizes these qualities of mind and character as essential to a well-ordered state whose principal object is the general welfare or common good. Respondent is a corporation engaged in promoting charity, benevolence, education, and fraternity—not one but nearly all of the objects of the statute. Its property has been wholly acquired by charitable gifts. It makes no profits for any purpose. Its receipts are all devoted to its general purposes above enumerated. No dividend has ever been declared, nor is any in contemplation.

To deny that the respondent comes within the statute of exemptions, sub. (4), sec. 70.11, is to deny the purpose of the statute. There are several decisions of this court applying the statute to particular facts of the cases presented. Each case depends upon its particular facts. *St. Joseph's H. Asso. v. Ashland Co.* 96 Wis. 636, 72 N. W. 43; *Green Bay Lodge No. 259 B. P. O. E. v. Green Bay,* 122 Wis. 452, 100 N. W. 837; *Katzer v. Milwaukee,* 104 Wis. 16, 80 N. W. 41; *Gymnastic Asso. v. Milwaukee,* 129 Wis. 429, 109 N. W. 109; *St. John's Military Academy v. Edwards,* 143 Wis. 551, 128 N. W. 113; *M. E. Church Baraca Club*

*v. Madison,* 167 Wis. 207, 167 N. W. 258; *Northwestern Pub. House v. Milwaukee,* 177 Wis. 401, 188 N. W. 636. None of these cases go so far as to hold that a corporation like the defendant, with its objects and purposes as declared and actually carried out, does ·not fall within the plain intent of the statute. The corporation must not only be judged by its declared objects but also by what it actually does. So judged, we hold that the respondent clearly falls within the statute. The lower court found for the plaintiff, and the judgment is sustained by competent evidence.

*By the Court.*—The judgment of the circuit court is affirmed.