WILL OF ROBERTS: ARNOLD and another, Executors, Appellants, vs. WISCONSIN TAX COMMISSION and others, Respondents.

*May 6—June 20, 1927.*

*Inheritance taxes: Bequest to Masonic lodge not exempt.*

A bequest to a Masonic lodge is not exempt from the state inheritance tax on the ground that the bequest was to a corporation "organized solely for religious, charitable or educational purposes," and under sec. 72.01, Stats., exempt, because the legislature has carefully preserved the distinction between fraternal and charitable associations and has specifically classified Masonic lodges as fraternal associations in ch. 188.

APPEAL from an order of the county court of Eau Claire county: GEORGE L. BLUM, Judge. *Affirmed.*

*Fred Arnold* of Eau Claire, for the appellants.

For the respondents there was a brief by the *Attorney General, Franklin E. Bump,* assistant attorney general, *John Harrington,* inheritance tax counsel, and *Victor M. Stolts,* district attorney of Eau Claire county, and oral argument by *Mr. Bump* and *Mr. Harrington.*

A brief was also filed by *W. J. McElroy* and *Sawyer & Sondel,* all of Milwaukee, as *amici curiæ.*

ROSENBERRY, J.   The question presented here is whether or not the executors of the will of John Francis Roberts, deceased, are required to pay an inheritance tax of $3,506.88 on a residuary bequest of approximately $35,000 to Eau Claire Lodge No. 112, F. & A. M., of Eau Claire. The trial court was of the opinion that Eau Claire Lodge No. 112, F. & A. M., a corporation organized under the laws of this state, was not organized solely for religious, charitable, or educational purposes and for that reason the residuary bequest was a basis for the assessment of the tax against the executors.   No findings of fact or conclusions of law were

made or filed.    From the judgment against the executors requiring payment of the tax the executors appeal.

Eau Claire Lodge No. 112, F. & A. M., of Eau Claire is what is ordinarily known and designated as a Masonic lodge. The material provisions of the will were as follows:

"All the rest, residue, and remainder of my estate of whatever nature and wheresoever situate, I give, devise, and bequeath to Eau Claire Lodge 112, F. & A. M., of Eau Claire, Wisconsin, to be by it invested in bonds, first mortgages, or other high-class securities, and the net income therefrom used for charitable purposes, as such lodge may from time to time determine.    In order that such fund may retain its identity, I request that the lodge designate it as the 'John F. Roberts Fund.'    It is my intention that this bequest be considered an absolute gift to said lodge to be used for the above mentioned purposes and that it be not considered a gift in trust."

The provision of the statute under which the exemption is claimed is sec. 72.01 and sec. 72.04, Stats. 1925, which are as follows:

"Section 72.01 A tax shall be and is hereby imposed upon any transfer of property, real, personal or mixed, or any interest therein, or income therefrom in trust or otherwise, to any person, association or corporation, except county, town or municipal corporations within the state, for strictly county, town or municipal purposes, and corporations of this state organized under its laws or voluntary associations *organized solely for religious, charitable or educational purposes,* which shall use the property so transferred exclusively for the purposes of their organization, within the state, in the following cases, except as hereinafter provided."

"Section 72.04 The following exemptions from the tax, to be taken out of the first twenty-five thousand dollars, are hereby allowed:

"(1) All property transferred to municipal corporations within the state for strictly county, town, or municipal purposes, or to corporations of this state *organized under its laws, solely for religious, charitable or educational purposes,* which shall use the property so transferred, exclusively for

the purposes of their organization, within the state, shall be exempt."

Whether the exemption in this case be claimed under the one section or the other, it can be allowed only upon the ground that the corporation to which the bequest is made is one organized "solely for religious, charitable or educational purposes."

It appears without dispute from the evidence that some part of the financial resources of the lodge are devoted to charitable uses, principally to the relief of members and their families who may be in distress. If the question were presented here as to whether or not the lodge was a fraternal organization, it would be very difficult to assign any reason for holding that it is not such an organization. In fact it would appear that its dominant purpose was fraternal rather than charitable. Such being the case, it cannot be said to be organized solely for charitable purposes. If it was the intention of the legislature to exempt gifts made to an organization organized equally for fraternal and charitable purposes, the limiting word "solely" would not have been used.

It is urged that cases like *Northwestern Publishing House v. Milwaukee,* 177 Wis. 401, 188 N. W. 636, are authority for the proposition that the bequest is exempt. In that case the word "exclusively" was employed in a statute which provided that property used exclusively for charitable or educational purposes should be exempt. It was also held that the fact that the plaintiff derived .00277 per cent. of its income from printing letter-heads and envelopes for the convenience of its patrons and used a very small part of its floor space for sample church furniture was such a slight departure from the purposes of its charter as to be negligible.

The doctrine of that case has no application here. It is not shown or claimed that fraternity is not just as important and dominant a factor in the activities of the lodge as charity. We are urged to hold that the term "charity" is a word of

broad implication, and that, although the purposes of the lodge are partly fraternal, charity is the broader term, and that within it should be included fraternal as well as strictly charitable purposes. That the word "charitable" may have such a connotation under some circumstances must be conceded. See *Comm. v. Lynchburg Y. M. C. A.* 115 Va. 745, 80 S. E. 589; *Emerson v. Trustees of Milton Academy,* 185 Mass. 414, 70 N. E. 442; *Webb Academy v. Grand Rapids,* 209 Mich. 523, 177 N. W. 290. We shall not attempt to discuss and classify these and other cases cited to our attention.

The legislature has very carefully preserved a distinction between fraternal and charitable organizations. Masonic lodges with other like organizations are classed and specifically named as fraternal organizations by ch. 188, Stats. That chapter provides for their organization, election of officers, defines their powers, duties, and liabilities, prescribes the manner of holding property, and makes other provisions, but such corporations are not made subject to visitorial control by the state. On the other hand, ch. 58, Stats., makes provision for the organization of charitable corporations, defines their powers, duties, and obligations, and by that chapter they are made subject to visitorial control. Had the legislature intended to include within the terms of the present statute fraternal organizations provided for by ch. 188, it undoubtedly would have done so in express terms, as it did when it prescribed the exemptions of the general property tax fund in sub. (4) of sec. 70.11, which is as follows:

"Personal property owned by any religious, scientific, literary, educational or benevolent association, or by fraternal societies, orders, or associations operating under the lodge system, used exclusively for the purposes of such association, and the real property necessary for the location and convenience of the buildings of such association embracing the, same, not exceeding ten acres. . . ."

The word "benevolent" in sub. (4), sec. 70.11, is no doubt used as synonymous with charitable. The legislature having created this distinction and used appropriate language to preserve the distinction, it would be an unwarrantable extension of the statute for the court to hold that by the use of the term "corporations organized solely for charitable purposes" it intended thereby to include a separate and distinct class known as fraternal.

Under these circumstances the case is ruled by *Estate of Price,* 192 Wis. 580, 213 N. W. 477. We need not repeat here what was said there.

*By the Court.*—Order affirmed.