CARDINAL PUBLISHING COMPANY, Appellant, vs. CITY OF MADISON, Respondent.

*April 7—June 22, 1931.*

346

For the appellant there was a brief by *Sanborn, Blake & Aberg* of Madison, and oral argument by *John B. Sanborn.*

For the respondent there was a brief by *Theodore G. Lewis,* city attorney, and *B. L. Lampert,* assistant city attorney, and oral argument by *Mr. Lewis.*

ROSENBERRY, C. J. The sufficiency of the complaint is challenged on the ground that it does not state facts sufficient to constitute a cause of action. This claim is based principally upon the proposition that the allegation contained in the complaint that the property of plaintiff company is devoted primarily to the publication of the Daily Cardinal is not sufficient to bring it within the exempt class provided for in sec. 70.11 (4), Stats., which provides that "Personal property owned by any religious, scientific, literary, educational or benevolent association . . . which is used exclusively for the purposes of such association," shall be exempt. By the construction placed upon this statute it is established: (1st) If a substantial part of the property is separated and is devoted to purposes other than those of the society claiming the exemption, as, for example, the renting of a portion of the premises permanently for a store, then the property is not exempt, even though the profits are devoted for the purposes of the society which claims the exemption. *Gymnastic Asso. v. Milwaukee,* 129 Wis. 429, 109 N. W. 109; *Northwestern Pub. House v. Milwaukee,* 177 Wis. 401, 188 N. W. 636. (2d) If the portion of the premises so separated and devoted to useful profit is so inconsequential in extent in comparison with the whole property, it may lead to the conclusion that the devotion of the whole property to the exempt uses is in a substantial sense an exclusive use for such purposes. *Northwestern Pub. House v. Milwaukee, supra.* (3d) If there is no segregation of property and devotion of a portion of it to purposes outside of the corporate objects, but if the whole property in a physical sense is primarily devoted to the purposes of the organization, then the fact that there are occa-

sional or incidental uses of the property for gain, which is devoted to the purposes of the society claiming the exemption, will not destroy the exemption. *Gymnastic Asso. v. Milwaukee, supra; Catholic Woman's Club v. Green Bay,* 180 Wis. 102, 192 N. W. 479; *Northwestern Pub. House v. Milwaukee, supra.*

It is apparent that the complaint in this action was drawn in conformity with the decision in *Northwestern Pub. House v. Milwaukee, supra.* It was held in that case that where there was no segregation of any part of the property claimed to be exempt and the entire property was used for the exempt purposes, then the use of it for an incidental purpose to an extent that is negligible or trivial does not destroy the exemption and does not require us to hold that it is diverted from its primary use. The contention here is that the percentage of departure should be stated with more particularity than it is. It is hardly necessary to say that upon the demurrer we are required to construe the complaint liberally in favor of the pleader. If the property is not diverted from its primary use, a cause of action is stated. If it is used for the exempt purpose but that use is departed from sufficiently to destroy the exemption, that constitutes a matter of defense. If within the decisions cited it is used primarily for the exempt purpose, the exemption obtains. Whether or not the departure if any destroys the exemption will be a matter for investigation upon the trial. It has not yet been determined to what extent property may be used for other than the exempt purpose without diverting it from its primary use, and we shall not attempt to settle that question upon demurrer by dealing with a supposed situation which may or may not exist.

*By the Court.*—Order appealed from is reversed, and cause remanded for further proceedings according to law.