Men's Halls Stores, Inc., Appellant, vs. Dane County, Defendant: City of Madison, Respondent.

*January 12—March 8, 1955.*

For the appellant there were briefs by *Arthur, Dewa, Nestingen & Tomlinson* of Madison, and oral argument by *Ray A. Tomlinson.*

For the respondent there was a brief and oral argument by *Harold E. Hanson,* city attorney.

BROADFOOT, J. The plaintiff is a nonstock corporation and its articles provide that no dividends or pecuniary profits shall be paid to the members thereof. Said articles also provide that in the event of dissolution all of its assets, after the payment of its debts and liabilities, shall go to the Men's Halls library and upon the dissolution of the library shall go to the University of Wisconsin for educational purposes, to be determined by the university.

Members of the Men's Halls Association, a group consisting of the occupants of men's dormitories erected and owned by the university, are members of the corporation. The store is operated in the basement of Mack House, one of said dormitories. The store is managed by students and all of its employees are students at the university.

The object clause of the corporation, as set forth in its articles of incorporation originally, read as follows:

"The business and purpose of such corporation shall be to operate a store and supply-service center to sell and vend at retail and without profit, exclusively to the occupants of the men's dormitories at the University of Wisconsin, confections, toiletries, tobacco products, stationery and school supplies, novelties and kindred items, and to provide services without profit for shoe repairing, cleaning and pressing, and the like."

This clause was amended on January 8, 1948, to read as follows:

"Article 1. The business and purposes shall be to operate a store whose net income gained through the efforts of its members in operating said store shall be used exclusively for literary or educational purposes. The net income will be contributed from time to time for expansion of the educational and literary facilities of the students of the University of Wisconsin Men's Residence Halls to be used for the Men's Halls libraries, reading rooms, and other educational activities of the Men's Halls Association, and in carrying out said purposes, no distinction shall be made on account of race, creed, or political affiliations with respect to students having the right to use such facilities. No profit will inure to, be paid to, or received by any member of this corporation."

In the trial court the plaintiff contended that its property was exempt for the following reasons: (1) Its property is the property of the state of Wisconsin; (2) its property is the property of the University of Wisconsin; (3) its property is the property of an educational institution; (4) its property is the property of an educational association. Upon this appeal the plaintiff has abandoned the first two contentions made in the trial court. It now takes the position that the Men's Residence Halls, its student association, and activities were founded by the University Regents and faculty as part of the educational system of the University of Wisconsin under its division of Residence Halls. In other words, it contends that it is an integral part of the Men's Halls Association within the division of Residence Halls of the university and thus it is an educational association as an integral part of an educational institution.

In *Legion Clubhouse, Inc., v. Madison,* 248 Wis. 380, 21 N. W. (2d) 668, it was held that a corporation is an entity distinct and apart from its members and that a court may not disregard corporate entity for the purpose of enabling the property owned by one corporation to have the benefit of an

exemption from taxation provided by statute for a separate and distinct corporation. In that case the William B. Cairns Post No. 57 of the American Legion, Department of Wisconsin, was incorporated and its property was exempt under the statute. Later the members thereof formed a corporation known as "Legion Clubhouse, Inc.," which purchased real estate and operated therein a restaurant, a bar, and a dance hall. The memberships of the two corporations were identical, and the articles of incorporation provided that if Legion Clubhouse, Inc., were dissolved its property would go to the American Legion Post. The court there held that the two were entirely separate and distinct corporate entities and therefore the property owned by Legion Clubhouse, Inc., was not exempt from taxation as property owned and occupied by the American Legion.

It does not appear from the record that the *Legion Clubhouse Case* was called to the attention of the trial court, nor is it mentioned in the briefs on appeal. The plaintiff, however, did call attention to the case of *Northwestern Publishing House v. Milwaukee,* 177 Wis. 401, 188 N. W. 636. In that case the Lutheran Synod caused to be incorporated the Northwestern Publishing House for the purpose of carrying on and conducting a general bookselling, publishing, and printing business, particularly the printing of such books and literature as might be considered beneficial to the Evangelical Lutheran faith, and of paying over to the Synod all profits realized from the business. The directors of the publishing company were chosen by the Synod. In that case it was stated that if the corporate veil were pierced and it were determined that the plaintiff corporation was in effect an arm of the Synod, formed for the purpose of carrying out a synodical program of education, it would be exempt. However, it also held that the publishing house was organized for educational and benevolent purposes, that its property

was used exclusively for its corporate purposes, and it was therefore exempt from taxation as a separate entity.

Both cases recognize the doctrine that a corporation is an entity existing distinct and apart from its members or stockholders. Thus, we must analyze the activities of the plaintiff as a separate entity and not one that is an integral part of some other organization.

The plaintiff was organized to sell merchandise to members of the Men's Halls Association. The plaintiff does not contend that the selling of merchandise is an activity that could generally be classed as educational. However, it contends that students at the university conduct its activities and that the students so engaged in the operation of the store do receive experience and training that have educational value. About half a dozen students are concerned with management and in addition about 20 clerks and office workers are given part-time employment and training. During the course of a year about 50 students take part in the activities at various times. The trial court distinguished the *Northwestern Publishing Case, supra,* from the present one by stating: "The Northwestern Company was publishing literature for the Lutheran Synod. It was not the fact that it was educating two or three editors, but that it was educating thousands of Lutherans, which gave it exemption. The latter made it educational."

The plaintiff also called attention to the Daily Cardinal Company, which publishes a student newspaper at the university, as never being placed on the rolls of the city of Madison. The trial court distinguished that situation from the present one as follows:

"*Why,* however, is the Daily Cardinal to be exempt? The answer is: Because it publishes a student *newspaper.* It is not selling 'tooth paste' and cigarettes to students. It is selling a student newspaper. That is where the *education* is supposed to come in—education to the students who buy it.

"The Cardinal would not be exempt, upon the sole ground that it was educating an editor and a half dozen reporters. It is to be exempt, because presumably it is disseminating a literary or educational publication to thousands and thousands. That is the education end.

"That is the trouble with our store. It does not do enough educating."

It is the use of the property and not the purpose of the income therefrom that determines taxability. *Gymnastic Association v. Milwaukee,* 129 Wis. 429, 109 N. W. 109; *M. E. Church Baraca Club v. Madison,* 167 Wis. 207, 167 N. W. 258; *Green Bay Lodge No. 259 B. P. O. E. v. Green Bay,* 122 Wis. 452, 100 N. W. 837. Statutes exempting property from taxability are to be strictly construed and all doubts in respect to a specified piece of property or owner are resolved in favor of its taxability. 16 Callaghan's Wis. Dig. p. 59, sec. 98, and cases there cited. It is the duty of the owner of property to bring himself squarely within an exemption statute. The plaintiff here does not strenuously maintain that it is entitled to an exemption as a separate entity but only by connecting its activities through the Men's Halls Association, the division of residence halls, the faculty, and regents back to the University of Wisconsin. It has failed to meet its burden of proof that it comes within the exemption statute.

*By the Court.*—Judgment affirmed.