United States Nat. Bank v. Poor Handmaids, 148 Wis. 613.

ing and conversion, he orally released the chattel mortgage created by said bill of sale.

. 4. In such case it is not necessary that the bank to which he gave his accommodation note consent to the release of the chattel mortgage. *Bassett v. Hughes,* 43 Wis. 319, and such like cases are not in point here. The mere fact that a surety receives security from his principal does not incapacitate the surety from dealing with his principal with reference to such security. No one but the creditor or a cosurety, under certain equitable circumstances not at all present here, can object to such release, and the bank is not here objecting. No other assignments of error seem sufficiently serious to call for further discussion.

*By the Court.*—Judgment affirmed.

VINJE, J., took no part.

UNITED STATES NATIONAL BANK, Respondent, vs. THE POOR HANDMAIDS OF JESUS CHRIST, Appellant.

*February 20—March 12, 1912.*

*Taxation: Exemption: Special assessments: Property of "religious corporations:" Municipal corporations: Superior city charter.*

1. A corporation organized under ch. 86, Stats., for benevolent and educational purposes, even though organized by a religious order of the same name as the corporation and incidentally conducting religious services in a hospital maintained by it, is not a "religious corporation" within the meaning of the Superior city charter (sec. 244, ch. 124, Laws of 1891), exempting "parsonages or property owned by some religious society, association or corporation" from payment of assessments for sewers, street improvements, etc.

2. *It seems* that the term "religious corporation," as used in such charter, means a corporation organized in connection with a church under ch. 91, Stats.

3. Sec. 1038, Stats., exempting property therein described "from taxation," has no reference to taxes on account of special benefits or under police regulations.

4. Statutes on the subject of taxation are to be construed, where construction is permissible, strictly against exemption.

Appeal from a judgment of the superior court of Douglas county: Charles Smith, Judge. *Affirmed.*

Action to foreclose tax-sale certificates representing special assessments under the charter of the city of Superior for the construction of a sewer.

Defendant contends that the property was exempt from such assessments under the following provision:

"No lot or parcel of land benefited in said city shall be exempt from the payment of its portion of any tax or assessment for sewers, the improvement of streets or the building or repairing of sidewalks, excepting only property belonging to the United States or the state of Wisconsin, and parsonages or property owned by some religious society, association or corporation and not used for pecuniary profit, and this shall be exempt." Laws of 1891, ch. 124, sec. 244.

Defendant owned the realty. It was organized under ch. 86 of the Statutes. Its objects were to maintain and teach parochial schools, maintain and support hospitals for the treatment of the sick, infirm and aged persons, and help the poor and distressed. It was not organized for profit, but was for the benevolent and educational purposes mentioned. It was authorized to acquire, own, and deal with all property, and do all business appropriate to the purpose of its organization, and to receive gifts to that end. The principal place of business was its hospital maintained in Superior, Wisconsin. The body was organized by a religious order of the same name as the corporation, and it was provided that the hospital property, which included the particular realty, should be in charge

of such order. Some religious services by an accredited priest of the Catholic church were commonly conducted in the hospital for the benefit of the inmates. That was incidental to the corporate business. The hospital was not a church or used as a church. It was used for the benevolent and educational purposes indicated in the corporate articles. The religious services were conducted as part of the administrative work of the institution.

The court decided that defendant was not a religious corporation within the meaning of the charter provision.

Judgment was entered accordingly.

For the appellant the cause was submitted on the brief of *W. P. Crawford.* He cited *St. Joseph's H. Asso. v. Ashland Co.* 96 Wis. 636, 72 N. W. 43; sec. 1787, Stats. (1898); *St. John's M. Academy v. Edwards,* 143 Wis. 551, 128 N. W. 113.

For the respondent the cause was submitted on the brief of *H. V. Gard.* He cited, among other cases, 24 Am. & Eng. Ency. of Law (2d ed.) 327; *Weld v. May,* 63 Mass. 181; *In re Fay's Estate,* 37 Misc. 532, 76 N. Y. Supp. 62; *Church of St. Monica v. Mayor,* 119 N. Y. 91, 23 N. E. 294; *State ex rel. Morris v. Board of Trustees,* 175 Mo. 52, 74 S. W. 990; *De Wolf v. Lawson,* 61 Wis. 469, 21 N. W. 615.

MARSHALL, J. Is appellant "a religious . . . corporation" within the meaning of sec. 244, ch. 124, Laws of 1891 (the city charter of Superior)? That is the vital question.

The statutes furnish opportunity for incorporating religious bodies. Ch. 91. Appellant does not refer to that for existence. They also provide for forming corporations in general. Ch. 86. Appellant was organized under the latter. That is significant.

It seems the term "religious . . . corporation" in the Superior charter means the same as the similar term in ch. 91 of the Statutes. It is further considered that the declared

purposes of appellant's organization fall well within one or
more of the purposes for which corporations may be organized
under ch. 86.   That provides for corporations for "benevo-
lent, charitable or medical institutions . . . schools, . . .
hospitals, asylums or other like institutions."

The organizers of appellant, evidently, were not competent
to incorporate as a religious corporation because it was essen-
tial to have a membership maintaining regular public worship
as a church society, and the organization to be in connection
with a church.   Sec. 1990, Stats. (1898).   There seems to
have been a considerate purpose not to organize a religious
corporation as the term is used in such section (sec. 1990),
because otherwise it was not necessary to resort to ch. 86 on
account of the educational and benevolent purposes men-
tioned in its articles.   The section provides that the organiza-
tion "in connection with a church" may be "for religious,
charitable or educational purposes."   The dominant idea in
the statute is that a church with a place of regular public
worship is an essential to organization of a religious corpora-
tion.   It is the membership of the church, as such, that are
empowered to organize,—for the purposes, primarily, of the
church in the propagation of religious principles, the wor-
shipful exercises in connection therewith, and the meetings,
associations, and business incident thereto.   That, ordinarily,
in the main, includes a residence for the religious teacher,
a church building, and the ground and other property in use
and for use in carrying out the object of the organization to
teach and otherwise promote religion along the lines of some
particular belief.

The term "religious society," in the general sense, has
often been construed by courts.   It is a body of persons or-
ganized for the purpose of maintaining religious worship
only.   *Silsby v. Barlow,* 16 Gray (82 Mass.) 329, 330.   It is
a body of persons who usually meet in some stated place for
worship of God and religious instruction.   *Robertson v. Bul-*

*lions,* 9 Barb. 64, 67.   A society maintained for the support of public worship.   *Riffe v. Proctor,* 99 Mo. App. 601, 74 S. W. 409.   Thus the meaning of the term "religious corporation" suggests, at once, the limit of the term "property of a religious corporation" in case of there not being other words expanding by inference the ordinary meaning.   There were such in *Hebrew F. S. Asso. v. Mayor, etc.* 4 Hun, 446.   But we have the opposite here.   The words "parsonage or property owned," etc., suggest as to the latter such as is for use in connection with the purpose for which the parsonage is owned, that is for religious purposes.

For the considerations mentioned, it is considered that a corporation organized under ch. 86 of the Statutes for benevolent purposes, is not a religious corporation under the Superior charter; that the term "religious corporation" there is to be regarded as having reference to religious purposes, and the term "parsonage and other property" regarded as meaning parsonage and other property in use and for use for religious purposes as distinguished from mere benevolent or educational purposes, in the ordinary sense.

The suggestion of exemption from taxation under sec. 1038 of the Statutes hardly merits notice, since that has no reference to taxes on account of special benefits or under police regulations.   *Yates v. Milwaukee,* 92 Wis. 352, 66 N. W. 248; 1 Cooley, Taxation (3d ed.) 362.   The distinction has been made on the familiar principle that statutes on the subject of taxation are to be construed, where construction is permissible, strictly against exemption.

*By the Court.*—Judgment affirmed.