GREEN SCAPULAR CRUSADE, INC., a Wisconsin corporation, Plaintiff-Appellant,

v.

TOWN OF PALMYRA, Defendant-Respondent.

Court of Appeals

No. 82–2286. Submitted on briefs December 12, 1983.—
Decided February 24, 1984.
(Also reported in 345 N.W.2d 523.)

For the plaintiff-appellant the cause was submitted on the briefs of *James F. Spohn, Thomas E. Klancnik* and *Michael, Best & Friedrich* of Madison.

For the defendant-respondent the cause was submitted on the brief of *Richard D. Sperry* of Jefferson.

Before Gartzke, P.J., Dykman, J. and Gordon Myse, Reserve Judge.

GARTZKE, P.J.  Green Scapular Crusade, Inc., appeals from a judgment dismissing its complaint against the Town of Palmyra.  Plaintiff brought this action to recover its payments to the town for general property taxes levied in 1976 through 1981 against the plaintiff's real estate.  Plaintiff claims that because it is a religious association, its property is exempt from general property taxes

by virtue of sec. 70.11 (4), Stats. The trial court held that plaintiff is not a religious association. We reach a contrary conclusion and remand to determine whether the property should be taxed in part under sec. 70.11 (8).

Throughout the pertinent years, sec. 70.11, Stats., has provided in relevant part:

The property described in this section is exempted from general property taxes:

. . .

(4) Property owned and used exclusively by . . . churches or religious, educational or benevolent associations . . . but not exceeding 10 acres of land necessary for location and convenience of buildings while such property is not used for profit.

. . .

(8) Where property for which exemption is sought pursuant to this section is used in part for exempt purposes and in part for pecuniary profit, then the same shall be assessed for taxation at such percentage of the full market value of said real and personal property as shall fairly measure and represent the extent of such use for pecuniary profit. In determining the amount of such assessment, the term "pecuniary profit" as used in this section is hereby defined as the use of any portion of said premises or facilities for purposes not directly included within the objects of such organization for which use compensation is received, and the space so used, the period of such use, and all other factors tending to measure the extent thereof, shall be considered in fixing the amount of such assessment.

The material facts are undisputed. Green Scapular Crusade was incorporated by a Roman Catholic layperson in 1971.[1] Three Roman Catholic laypersons serve as its directors and only members. Its purposes are to "promote and further spiritual interest in Mary, Mother of

[1] Scapulars are miniature models of a garment worn by early monks and have played a part in Roman Catholic religious practices for many years. The plaintiff's scapular is a piece of green felt and braid with religious pictures on each side.

Jesus, through religious devotion under the title of Our Lady of the Green Scapular; to promote and foster worthy, charitable programs and projects; to hold property and funds incidental to the aforesaid purposes." It does not own and operate a conventional church, or minister to a congregation or membership.

In 1951 plaintiff's employee Father Mersberger established a shrine in a Roman Catholic church in Monona, Wisconsin, and later transferred it to the plaintiff's property in the Town of Palmyra. Plaintiff's property consists of 6.5 acres and a building containing a chapel, museum, gift shop, workroom, office, living quarters and garage. Father Mersberger and his assistant paid $25,-000 for a life estate in the living quarters which they occupy. The Roman Catholic Diocese of Madison does not accord official recognition to the Green Scapular Crusade or recognize the corporation, and the chapel has not been consecrated.

The corporation's income is from the life estate payment, donations and bequests, the sale of religious articles and vigil candles, public speaking fees, the administration of sacraments and the operation of a travel club. The plaintiff furnishes Father Mersberger and his assistant with food, utilities and an automobile. Father Mersberger conducts mass in the chapel, counsels persons, and conducts visitors through the museum. He conducts guided tours of the property, collects tour fees and pays a travel agency for tour services. Plaintiff engages in such business for profit and uses the office portion of the premises for that purpose.

The trial court concluded that plaintiff is a religious organization but is not a religious association and is not entitled to an exemption from taxation under sec. 70.11, Stats. The court said in its memorandum opinion that in view of the plaintiff's purposes and the religious nature of the shrine and its related activities, it had no difficulty

determining that plaintiff is a "religious corporation." The court held that plaintiff is not "an association" as used in sec. 70.11(4) because plaintiff is a corporation and was organized by one person and its membership is limited to three directors.

The facts having been established, the conclusion that the plaintiff is not a religious association is subject to *de novo* appellate review. *Engineers & Scientists v. Milwaukee,* 38 Wis. 2d 550, 553–54, 157 N.W.2d 572, 574 (1968). We need not defer to the trial court's reasoning or conclusion.

That a corporation can qualify as an association for purposes of sec. 70.11(4), Stats., and its predecessors is settled law. *Hahn v. Walworth County,* 14 Wis. 2d 147, 151 n 2, 109 N.W.2d 653, 655 (1961) ; *St. John's Military Academy v. Edwards,* 143 Wis. 551, 554–56, 128 N.W. 113, 114 (1910).

We reject the proposition that an association requires more than a restricted membership of three persons. Two or more persons may associate. We see nothing in its membership to prevent plaintiff from being an association for purposes of sec. 70.11(4), Stats.

The town contends that because plaintiff was organized under ch. 181, Stats., entitled "Nonstock Corporations," rather than under ch. 187, Stats., entitled "Religious Societies," the trial court erred when holding that plaintiff is a religious corporation. The town asserts that this state has consistently declined to recognize corporations not organized under ch. 187 or its predecessor as religious corporations, citing *United States Nat. Bank v. Poor Handmaids,* 148 Wis. 613, 617, 135 N.W. 121, 122 (1912) and *Franke v. Mann,* 106 Wis. 118, 81 N.W. 1014 (1900).[2]

---

[2] The town did not cross appeal from the judgment. The town as a respondent may nevertheless seek correction of an error to support the judgment. *State v. Wisumierski,* 106 Wis. 2d 722, 732, 317 N.W.2d 484, 489 (1982). The contention is properly before us.

The question in *Poor Handmaids* was whether defendant's property could be taxed under a city charter which exempted "property owned by some religious society, association or corporation and not used for pecuniary profit . . . ." Sec. 244, ch. 124, Laws of 1891. A religious order incorporated defendant under the general incorporation law to maintain hospitals and parochial schools and help the poor. Because defendant lacked a membership maintaining regular public worship as a church and therefore could not have been incorporated as a religious society under ch. 91, Stats. 1898, the predecessor of ch. 187, Stats., the *Poor Handmaids* court held defendant was not a religious corporation within the meaning of the charter. 148 Wis. at 616, 135 N.W. at 122.

*Poor Handmaids* is not in point. Unlike the charter in that case which exempted only religious organizations, sec. 70.11(4), Stats., exempts property owned and used "by churches or religious, educational or benevolent associations . . . ." Whether plaintiff could have incorporated as a church under ch. 187, Stats., is immaterial. Plaintiff does not claim to be a church and need not be a church to be exempt under sec. 70.11(4). The town does not argue that a religious, educational or benevolent association is prohibited from incorporating under ch. 181, Stats., as a nonstock corporation.

*Franke* does not stand for the proposition for which it is cited. The *Franke* court held, among other things, that a de facto corporation was created by a good faith effort to comply with a statute authorizing the organization of a church as a corporation. *Franke*, 106 Wis. at 126-27, 81 N.W. at 1017. The right to incorporate a church under a general incorporation law was not involved.

We conclude that the trial court did not err in holding the plaintiff is a "religious corporation," but because the court erred in concluding that the plaintiff is not a "re-

ligious association" within the meaning of sec. 70.11(4), Stats., we must reverse the judgment.

The trial court concluded that a factual issue exists as to whether the plaintiff's property is used exclusively for the religious purposes which make it exempt under sec. 70.11(4), Stats., but did not reach that issue. A remand to the assessor is necessary for a determination as to the percentage of the full market value of the property as shall fairly measure and represent the extent of use for pecuniary profit, if any, as required by sec. 70.11(8).

*By the Court.*—Judgment reversed and remanded with instructions to remand the matter to the assessor to make the determination required by sec. 70.11(8), Stats.