Rev. Paul D. LINDSTROM, et al., Plaintiffs,

v.

STATE OF ILLINOIS, et al., Defendants.

No. 80 C 6769.

United States District Court, N.D. Illinois, E.D.

April 18, 1986.

Rev. Paul Lindstrom, pro se.

Roger P. Flahaven, Office of the Atty. Gen., Friedman and Koven, Howard L. Lieber, Paul T. Wigoda, William Wigoda, Conklin & Adler, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

DUFF, District Judge.

Defendants State of Illinois; William G. Clark, Chief Justice of the Supreme Court of Illinois; Neil Hartigan, Attorney General of Illinois; and James R. Thompson, Governor of Illinois; move to dismiss this action challenging the constitutionality of the Illinois statutes which prohibit persons not licensed to practice law from representing others in court proceedings.

### FACTS AND BACKGROUND

In 1980 the City of Prospect Heights filed a suit in the Circuit Court of Cook County against plaintiffs, Rev. Paul D. Lindstrom, Florence Lindstrom and the Church of Christian Liberty, an Illinois corporation, ("Church"), charging violation of certain zoning ordinances. Rev. Lindstrom, pastor of the Church and a non-attorney sought to represent the Church and Florence Lindstrom. The state court denied this request and the defendants filed suit in this court. On February 26, 1982, the state court allowed Rev. Paul Lindstrom and Florence Lindstrom to be voluntarily dismissed from the state court action and entered a default judgment against the Church.

Meanwhile, on February 4, 1981, this court, pursuant to the abstention doctrine, refused Rev. Lindstrom's request for an injunction to stop the state court proceedings. The court retained jurisdiction over the federal issues pursuant to *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964) and held that the plaintiffs could return to federal court if the state court declined to allow the appeal of the default judgment, or determined that plaintiff had no claim for relief. The Illinois Appellate Court dismissed the appeal from the default order and the Illinois Supreme Court declined review. Plaintiffs are now properly before this court.

Rev. Lindstrom states that his Church "is an established church, associated with tens of thousands of people throughout the United States, and with deep-rooted Calvinistic religious beliefs." His religion requires that its members obtain representation only from within the religious community. There are members of the religion "arduously trained in legal matters," but prevented by their faith from becoming licensed attorneys. There is no dispute that, in his arguments, Rev. Lindstrom is motivated by deeply-held religious beliefs. Further, it is apparent that he is not asserting a "feigned faith in an esoteric religion."

Rev. Lindstrom argued in state court, and repeats the argument here, that these religious beliefs are unconstitutionally proscribed by the Illinois statute which prohibits the practice of law without a license, Ill.Rev.Stat. ch. 13, ¶ 1, and the Illinois statute which bars a corporation from appearing in court except through a licensed attorney, Ill.Rev.Stat. ch. 32, ¶ 411.

## DISCUSSION

Defendants have moved to dismiss arguing (1) that the eleventh amendment and the doctrine of sovereign immunity bar proceedings against the State of Illinois; (2) that the action is moot since the state court proceedings are no longer pending; (3) that since the same constitutional arguments were made in the state court proceedings, the doctrine of collateral estoppel precludes their consideration by this court; (4) that plaintiffs have no cause of action based on the free exercise of religion clause of the first amendment; (5) that plaintiffs have failed to sufficiently plead an equal protection, due process or sixth amendment violation; and (6) that plaintiffs have failed to properly assert a claim under 42 U.S.C. § 2000a et seq. or 42 U.S.C. § 1981.

The Eleventh Amendment to the United States Constitution and the doctrine of sovereign immunity bar the claim against the State of Illinois. Under *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), however, plaintiffs may proceed against the individuals charged with enforcing the allegedly unconstitutional statutes. The court accepts, for purposes of this motion, that these defendants are charged with enforcing the Illinois statutes at issue.

█ Nor is this action barred by the doctrines of mootness or collateral estoppel. Plaintiffs brought this suit to enjoin the state court proceedings before judgment. This court abstained from enjoining the state court proceedings while retaining jurisdiction over plaintiffs' claims pursuant to *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 571 (1941) and *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). Under the abstention doctrine, plaintiffs claims still have viability in this court.

█ The court next considers the merits of plaintiffs arguments that the Illinois statutes prohibiting unlicensed representation are unconstitutional. The court may not, however, consider those claims which Rev. Lindstrom asserts on behalf of Florence Lindstrom or the Church. Under 28 U.S.C. § 1654, Florence Lindstrom may present her own case or she may have it brought before the court by a licensed attorney. A corporation may only appear in federal court through licensed counsel. As in the Illinois courts, Florence Lindstrom and the Church may not be represented by Rev. Lindstrom in this court.

In *Strong Delivery Ministry Association v. Board of Appeals of Cook County*, 543 F.2d 32 (7th Cir.1976), a pastor brought suit alleging a constitutional right to represent his church in tax exemption proceedings. The court refused to consider the merits of the first amendment challenge and dismissed the complaint because it was brought by the pastor who was not licensed to practice law. As in *Strong Delivery*, Rev. Lindstrom cannot present the claims of his Church or his parishioners and the court cannot consider the merits of those arguments.

■ Rev. Lindstrom argues that the prohibition on non-attorney representation impinges on the free exercise of religion in violation of the First Amendment of the United States Constitution and urges this court to follow *Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972). In *Yoder*, the Supreme Court held that the First Amendment rights of Amish parents to oversee the religious development of their children outweighed the state's interest in an additional year or two of compulsory education.

In order to uphold a state regulation against a first amendment challenge, *Yoder* requires that "it must appear either that the State does not deny the free exercise of religious belief by its requirement, or that there is a state interest of sufficient magnitude to override the interest claiming protection under the Free Exercise Clause." 406 U.S. at 214, 92 S.Ct. at 1532. The Illinois regulation prohibiting the unlicensed practice of law may be upheld on both grounds.

Rev. Lindstrom has not shown that he has been denied the free exercise of his religious beliefs. In *Yoder*, the Court found that compulsory education carried with it the threat of undermining the Amish community and its religious practices and therefore posed a danger to the free exercise of religion because it forced Amish parents to choose between criminal sanctions and their religious beliefs. In *Sherbert v. Verner*, 374 U.S. 398, 404, 83 S.Ct. 1790, 1794, 10 L.Ed.2d 965 (1963), the Court also found an infringement on the free exercise of religion where a state's ruling on unemployment benefits required the claimant to choose between forfeiting benefits and forfeiting her religion. The free exercise of religion is thus infringed when the government forces a person to choose between his religion and an important state benefit.

Rev. Lindstrom has not been forced to make such a choice. While he may not have been able to retain the counsel of his choice, Rev. Lindstrom was able to represent himself in state court and in this proceeding without violating his religious beliefs. Rev. Lindstrom argues that he should be allowed to have others of his faith speak for him and that he should be allowed to speak for his parishioners. No such right flows from the free exercise clause of the first amendment, however, since the denial of that right does not require a person to choose between a government benefit and his religion.

In *Turner v. American Bar Association*, 407 F.Supp. 451, 481 (N.D.Tex.1975), *aff'd*, 539 F.2d 715 (7th Cir.1976), *aff'd*, 542 F.2d 56 (8th Cir.1976), the court held that the prohibition against unlicensed representation is not unconstitutional since there is no first amendment right to unlicensed representation and since the state has a compelling interest in the practice of law.

In *Jones v. Niagara Frontier Transportation Authority*, 722 F.2d 20, 22 (2d Cir. 1983), the court stated that:

The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread.... [T]he conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, e.g., to avoid litigating unfounded or vexatious claims.

While these problems may not have arisen in a case brought by Rev. Lindstrom, they would arise if others, wishing to participate in court proceedings without bothering to get a law license, were given the opportunity to represent clients. There is clearly a strong and compelling state interest in regulating the practice of law which outweighs the plaintiff's interest in representation by persons of his faith who are not licensed to practice law.

 Plaintiff also challenges the Illinois statutes on sixth amendment, due process and equal protection grounds. The sixth amendment clearly does not apply because Rev. Lindstrom has not been charged with any crime. Plaintiff argues that the license requirement violates due process because it is based on the presumption that only "licensed counsellors are trained and equipped to properly represent others in legal proceedings." This presumption is reasonable since in order to obtain a law license an attorney must undergo training, testing and evaluation to show that he has the requisite ability, skill, knowledge and moral character to represent others in legal proceedings. Plaintiff's equal protection argument also fails since the prohibition against representation by persons not licensed to practice law applies equally to all persons in situations similar to Rev. Lindstrom.

 Plaintiff's statutory claims are also without merit. Plaintiff may not sustain an action under 42 U.S.C. § 2000a *et seq.* since plaintiff has not alleged that he has been denied "full and equal enjoyment of a public accommodation". Plaintiff has failed to state a claim under 42 U.S.C. § 1981 because he has not alleged racial discrimination.

The court has considered this *pro se* complaint under standards less stringent than those which would be applied to formal pleadings drafted by licensed attorneys and has concluded beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). It is clear that "there is no reasonable prospect that the plaintiff can make

out a cause of action from the events narrated in the complaint." *Sutliff, Inc. v. Donovan Companies, Inc.,* 727 F.2d 648 (7th Cir.1984). Therefore, defendants' motion to dismiss the second amended complaint is granted.

IT IS SO ORDERED.