**UNITED STATES of America, Plaintiff,**

v.

**Joseph G. STEPARD, and Malania M. Stepard; Jimmy C. Chisum d/b/a Jimmy C. Company, in his capacity as trustee of Jo–Mal Trust; International Tax Strategies, in its capacity as trustee of Betach LTO1 Trust and Chacah LTO1 Trust, Defendants.**

**No. CIV–93–0919–PHX–EHC.**

United States District Court,
D. Arizona.

Oct. 4, 1994.

Daniel G. Knauss, U.S. Attorney's Office, Phoenix, AZ and Brian J. Feldman, U.S. Dept. of Justice, Tax Div., Washington, DC, for the U.S.

Malania M. Stepard, pro se.

Joseph G. Stepard, pro se.

Jimmy C. Chisum, pro se.

## ORDER

CARROLL, District Judge.

On May 13, 1993, Plaintiff filed a complaint pursuant to 26 U.S.C. §§ 7401 and 7403, seeking to reduce to judgment outstanding federal income tax liabilities assessed against Defendants Joseph and Malania Stepard (hereinafter "Stepards") and to foreclose various tax liens against real property owned by the Stepards. The complaint also names Defendants Jimmy C. Chisum (hereinafter "Chisum") and International Tax Strategies (hereinafter "ITS") in their capacities as trustees or representatives of various entities. *See* Complaint, ¶¶ 6–8.

On July 13, 1993, the Stepards filed their answer to the Complaint raising numerous affirmative defenses and Counterclaimed against Plaintiff for alleged improprieties by the manner in which the assessments and tax deficiencies were levied. On July 23, 1993, the United States filed its reply to Defendants' counterclaim denying the majority of the allegations raised and asserting that the Court lacks subject matter jurisdiction over the counterclaim; that the counterclaim fails to state a claim upon which relief may be granted; that the counterclaim is barred by the statute of limitations; and that the resolution of similar issues litigated in *Stepard v. United States*, CIV 93–0060–PHX–RCB may be *res judicata* with respect to the counterclaim.

On August 20, 1993, after being unable to serve or locate Chisum, Plaintiff filed a motion requesting permission to serve by publication. On August 30, 1993, the Court grant-

ed Plaintiff's request and ordered Chisum to appear or plead in this matter not later than October 29, 1993. On October 29, 1993, Chisum, in his capacity as trustee of various entities, filed a motion for enlargement of time to respond to the Complaint. On November 12, 1993, Chisum, in his capacity as trustee of both the Jo–Mal Trust and ITS, filed an answer.[1]

Currently pending before the Court are two motions to strike Defendant Chisum's answers.

## DISCUSSION

On November 22, 1993, Plaintiff filed a motion to strike Jimmy C. Chisum's answer. On December 1, 1993, Chisum filed an amended answer and on December 14, 1993, Plaintiff filed a motion to strike Chisum's amended answer. The Court conducted oral argument on these and other motions on September 12, 1994.

In both motions, Plaintiff asserts that Mr. Chisum may not appear pro se on behalf of any entity, trust, or other person. Plaintiff asserts that the right to appear pro se is an individual right not extended to representatives of corporations or trustees.[2] In response, Mr. Chisum contends that he has in fact been sued personally. The Court finds this contention unpersuasive.

In all pleadings, including his answer, Chisum states that he is appearing as the representative of one of several entities or trusts including the Jo–Mal Trust, Betach LTO1 Trust, Chacah Trust, Jimmy C. Chisum Co., and ITS. Rule 31(a)(3) of the Rules of the Arizona Supreme Court provides:

> Except as hereinafter provided in subsection 4 of this section (a), no person shall practice law in this state or hold himself out as one who may practice law in this state unless he is an active member of the state bar.

None of the exceptions to Rule 31(a)(3) as set forth in subsection (a)(4) of the Rule apply in the present case.

Although a non-attorney may appear *in propria persona* on his own behalf, that privilege is personal to him and he has no authority to appear as the attorney for anyone other than himself. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir.1987).

> The reciprocal relationship between the bar and the bench permits an exception only for a person acting personally. A federal court rightly expects a lawyer to represent a litigant. By its supervision of the bar and through it reliance on lawyers before it, the court is enabled to function. Professional competence and professional responsibility are the sine qua non of federal litigation and effective judicial response.

*Id.* at 698.

In accordance with Rule 31(a)(3) and the decision in *C.E. Pope*, Jimmy C. Chisum, as trustee or representative of various entities may not represent these entities in any capacity in this District Court. As the Answers are legally defective under Rule 31(a)(3) of the Arizona Supreme Court and the Ninth Circuit's decision in *C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir.1987), Plaintiff's motions to strike are well founded.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motions to Strike the Answers of Defendant Chisum [file doc. nos. 15 and 21] are hereby **GRANTED** and these answers are thus **STRICKEN** pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Defendants, other than the Stepards, shall have 10 days to file an answer through an attorney licensed to practice in the State of Arizona.

---

1. Mr. Chisum stated that he was only responding as Trustee of the two entities and signed the answer as Trustee of both entities. *See* [File doc. no. 13].

2. Mr. Chisum is not licensed to practice law in the State of Arizona.