LIFE SCIENCE CHURCH, Bible Camp & Christian Liberty Academy, Mission of Jesus Christ Almighty God, by their trustees, Donald Minniecheske, Orlando P. Richards, Delores Lehman, Marcella Lehman, and JoAnn Redman, Plaintiffs-Appellants,†

v.

SHAWANO COUNTY and Village of Tigerton, Defendants-Respondents.

Court of Appeals

*No. 98–0694. Submitted on motion April 2, 1998.—Decided August 4, 1998.*

(Also reported in 585 N.W.2d 625.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the response to the motion to dismiss of *Orlando Richards, Delores Lehman, Marcella Lehman, JoAnn Redman* and *Donald Minniecheske,* pro se.

On behalf of the defendants-respondents, the cause was submitted on the motion to dismiss of *Pamela M. Schmidt* of *Whyte, Hirschbock, Dudek, S.C.* of Milwaukee.

Before Cane, C.J., Myse, P.J. and Hoover, J.

PER CURIAM. The Life Science Church, Bible Camp & Christian Liberty Academy, and the Mission of Jesus Christ Almighty God appeal a judgment that dismissed their quiet title lawsuit against Shawano County and the Village of Tigerton. The trustees for these appellant organizations, Orlando Richards, Delores Lehman, Marcella Lehman, Jo Ann Redman,

and Donald Minniecheske, filed the notice of appeal without a lawyer licensed to practice law in Wisconsin. The trustees do not make clear whether these organizations are incorporated entities, unincorporated associations, or common law trusts; one or more may be incorporated ch. 187, STATS., religious entities. The County and Village moved to dismiss the appeal, contending that trustees may not represent the legal interests of their trust in the courts of this state without licensed legal counsel, in the same way that officers, directors, and shareholders may not represent the legal interests of a corporation without licensed legal counsel. The County and Village maintain that this legal disability renders the trustees' notice of appeal ineffective to initiate a valid appeal. We agree and, therefore, dismiss the appeal.

The Wisconsin Supreme Court has ruled that nonlawyers such as officers, directors, and shareholders may not represent corporations in Wisconsin courts. *See Jadair, Inc. v. United States Fire Ins. Co.*, 209 Wis. 2d 187, 204, 562 N.W.2d 401, 407 (1997). The supreme court ruled that corporations may appear in Wisconsin courts only by means of a lawyer licensed to practice law in Wisconsin; nonlawyers may appear only on their own behalf. *See id. Jadair* applies a universal principle, which we conclude applies to trustees who seek to speak for another's interests in court. Trustees stand in a role similar to officers, directors, and shareholders of corporations. They are nonlawyers attempting to represent the legal interests of someone else—the legal interests of their trust and the trust beneficiaries. As the *Jadair* court recognized, nonlawyers who attempt to speak for the legal interests of others are engaged in the unauthorized practice of law.

By analogy to *Jadair*, we hold that trustees may appear in Wisconsin courts without licensed legal counsel only to represent their own legal interests in their individual capacities, not to represent the legal interests of their trusts or trust beneficiaries in their representative, fiduciary capacities as trustees.

We note that other jurisdictions have reached the same conclusion and require licensed legal counsel to represent the legal interests of trustees acting in their representative, fiduciary capacities for common law express trusts. *See, e.g., Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 347–48 (8th Cir. 1994); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987); *United States v. Stepard*, 876 F. Supp. 214, 215 (D. Ariz. 1994); *Beamer v. Nishiki*, 670 P.2d 1264, 1276 (Haw. 1983); *Lazy "L" Family Preservation Trust v. First State Bank of Princeton*, 521 N.E.2d 198, 200–01 (Ill. App. 1988); *Back Acres Pure Trust v. Fahnlander*, 443 N.W.2d 604, 604–05 (Neb. 1989); *Salman v. Newell*, 885 P.2d 607, 608–09 (Nev. 1994); *Williams v. Global Constr. Co., Ltd.*, 498 N.E.2d 500, 502 (Ohio App. 1985); *Oregon v. Loe*, 65 B.R. 16, 18 (D. Ore. 1986). *Jadair* applies the same basic principle at work in these cases. They all recognize that the trustees in those cases were attempting to speak in court not for their own legal interests, but for the legal interests of the trust or the trust beneficiaries. As a result, under *Jadair* and the above-cited cases, trustees for common law express trusts may not appear in Wisconsin courts for the interests of their trusts unless they appear through licensed legal counsel.

We reject the various arguments the trustees offer to justify their appeal. First, they claim that *Jadair* applies only to compensated legal representatives.

They cite § 757.30(2), STATS.,[1] which they claim limits the practice of law to compensated acts. This statute states that whoever "in or out of court, for compensation or pecuniary reward gives professional legal advice" shall be deemed to be practicing law. *See* § 757.30(2), STATS. That part of subsection (2) concerns persons who give legal advice. We must read it in context with the first part of the subsection which concerns persons who "appear" in court, classifying them apart from those who "give advice" "in or out of court." It defines the practice of law to include every person "who *appears*. . .as. . .representative. . .for or on behalf of any other person. . .in or before any court of record." (Emphasis added.) Unlike the "advice" provision, the "appearance" provision does not mention compensation. As a result, even if compensation is a vital element of the practice of law when formed of "advice," it is not an element of the practice of law when formed of an "appearance" in court. We also note that *Jadair* did not define the practice of law in terms of compensation. In short, compensation is immaterial to the trustees' power to file this appeal.

■

Second, the trustees cite the religious and nonprofit status of their organizations as a distinction

---

[1] Section 757.30(2), STATS., provides as follows:

(2) Every person who appears as agent, representative or attorney, for or on behalf of any other person, or any firm, partnership, association or corporation in any action or proceeding in or before any court of record, court commissioner, or judicial tribunal of the United States, or of any state, or who otherwise, in or out of court, for compensation or pecuniary reward gives professional legal advice not incidental to his or her usual or ordinary business, or renders any legal service for any other person, or any firm, partnership, association or corporation, shall be deemed to be practicing law within the meaning of this section.

permitting them to speak for their organizations without licensed legal counsel. They claim that their organizations are bona fide religious societies within the meaning of ch. 187. The trustees do not make clear, however, whether their organizations are incorporated or unincorporated. Chapter 187 applies to incorporated religious organizations. It has little application to unincorporated religious associations. *See* §§ 187.01 and 187.40, STATS. Unincorporated associations derive their rights and powers largely from the common law. Courts have denied unincorporated associations the right to appear in court without licensed legal counsel. *See Albion River Watershed Protection Assoc. v. California Dept. of Forestry and Fire Protection*, 24 Cal. Rptr. 341, 343 (Cal. App. 1993); *In re Campaign for Ratepayers' Rights*, 634 A.2d 1345, 1350 (N.H. 1993). Another court has denied the same for churches. *See Lindstrom v. Illinois*, 632 F. Supp. 1535, 1537–38 (N.D. Ill. 1986). These decisions apply the same principle at work in *Jadair*, and we see nothing in ch. 187 that dictates otherwise for unincorporated religious societies. Consequently, we hold that the religious, nonprofit, or unincorporated status of appellant trustees' organizations does not empower the appellant trustees to speak for the organizations in court without licensed legal counsel.

Last, the trustees cite the broad powers held by trustees of religious societies as proof they may speak for their organizations in court without licensed legal counsel. They cite the fact that religious societies may own real estate without incorporating. *See Waushara County v. Graf*, 157 Wis. 2d 539, 548–49, 461 N.W.2d 143, 147–48 (Ct. App. 1990). They also note that trustees of religious societies have the express statutory power to administer their societies' secular business

and temporal affairs. *See* § 187.10(5), STATS. These powers have no bearing on the trustees' power to represent their religious societies in court. The power to own real estate has no connection with the power to represent another's legal interests in court. The former is a custodial act; the latter is the practice of law. On the latter, religious societies have no greater powers than corporations or secular unincorporated associations. To the extent that the trustees rely on § 187.10(5), this statute applies only to incorporated religious societies. If any of the trustees' organizations are incorporated religious societies, we see nothing in § 187.10(5) that equates the trustees' power to administer a society's secular business and temporal affairs with the power to practice law. Finally, the *Jadair* decision now supersedes any cases that may have acquiesced before now in attempts by trustees to speak for religious societies in court. *Jadair* sets the new standard on such questions. In short, the trustees' purported notice of appeal was ineffective to initiate a valid appeal, and we therefore dismiss the appeal.

*By the Court.*—Appeal dismissed.