STATE OF MAINE
CUMBERLAND, SS.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-698
TEH - CUM - 3/9 2001

BARBARA BOUTET and
DUANE E. RANCOURT, SR., Trustees, et al,

Plaintiffs

vs.

**ORDER**

DONALD MILLER, et als,

Defendants

An entity called Taibbi, Ltd. ("Taibbi") is named as a defendant in this action. Robert Whitty ("Whitty") has filed an answer and affirmative defenses on behalf of Taibbi.

In correspondence to the court's file, Whitty indicates that (a) Taibbi, aka Taibbi Ltd. Realty Trust, is a trust established under the laws of the Commonwealth of Massachusetts, (b) he is its sole trustee, and (c) he is authorized by virtue of that office to represent the trust in this action. It does not appear that Whitty is an attorney or that he is licensed to practice law in the State of Maine.

As a consequence, the court is presented with the question of whether a trustee who is not an attorney may represent the trust in a civil action. Although Maine has never decided this question, the answer in other jurisdictions is no.

1

Persons who are not admitted to the Maine bar may not practice law before a court of law. 4 M.R.S.A. § 807 (Supp. 2000). Person is defined to mean "any individual, corporation, partnership or association." 4 M.R.S.A. § 811 (1989). To avoid the application of the unauthorized practice of law statute, the unlicensed Trustee must fall within one of the enumerated statutory exceptions. *See* 4 M.R.S.A. § 807 (Supp. 2000). The only exception available to a trustee is the provision for a "person pleading or managing that person's own cause in court." *See* 4 M.R.S.A. § 807(3)(A).

In *Spickler v. York*, 566 A.2d 1385, 1390 (Me. 1989), the Law Court held that a non-lawyer shareholder may not represent the corporation in a shareholder derivative suit because the shareholder would be improperly asserting the substantive rights of the corporation rather than his own personal claims. As the Court of Appeals of Wisconsin noted, trustees stand in a similar role to officers, directors and shareholders of corporations. *Life Science Church, Bible Camp & Christian Liberty Academy v. Shawano County*, 585 N.W.2d 625, 626 (Wis. Ct. App. 1998). "They are nonlawyers attempting to represent the legal interests of someone else--the legal interests of their trust and the trust beneficiaries." *Id.* Similarly, the Law Court has held that unlicensed persons may not represent the legal interests of entities in court. *See State v. Simanonok*, 539 A.2d 211, 212 (Me. 1988) (unlicensed personal representative attempted to represent decedent's estate in court); *Land Management, Inc. v. Dep't of Envtl. Protection*, 368 A.2d 602, 603 (Me. 1977) (corporation may not be represented in court by a person not licensed to practice law).

While a trust is not a person in the legal sense and the trustee is the proper person to sue or be sued on behalf of the trust, "a trustee's duties in connection with his or her office do not include the right to present argument *pro se* in courts of the state, because in this capacity such trustee would be representing interests of others and would therefore be engaged in the unauthorized practice of law." *Back Acres Pure Trust v. Fahnlander*, 443 N.W.2d 604, 605 (Neb. 1989). Other jurisdictions have also required legal counsel to represent the interests of trustees acting in their fiduciary capacities. *See, e.g., C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987); *Life Science Church, Bible Camp & Christian Liberty Academy*, 585 N.W.2d at 626; *Ziegler v. Nickel*, 75 Cal. Rptr.2d 312, 314-15 (Cal. Ct. App. 1998); *Williams v. Global Construction Co., Ltd.*, 498 N.E.2d 500, 502 (Ohio Ct. App. 1985). Because a trustee acting in his fiduciary capacity is not pleading or managing his own cause in court, as the exception in § 807(3)(B) requires, any action taken before the court by that trustee amounts to the unauthorized practice of law.

Based upon the foregoing analysis, Whitty may not represent Taibbi in this action unless within ten days from the date of this order he provides the court with satisfactory evidence that he is licensed to practice law in this State.

Pusuant to Rule 79(a) M.R.Civ.P., the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference.

Dated: March 8, 2001

_____
Justice, Superior Court

3

.-0287

R MICHAEL MARTIN ESQ
PO BOX 177
SACO ME 04072

112-0287

ROBERT WHITTE
59 LORDAN ROAD
RAYHAM MA 02767

112-0287

NICHOLAS BULL ESQ
PO BOX 447
PORTLAND ME 04112